# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **MELODY WILSON** | **CIVIL ACTION NO. 05-318-P** |
| **VERSUS** | **JUDGE HICKS** |
| **SHERIFF KEN BAILEY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Melody Wilson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 17, 2005. Plaintiff complains her civil rights were violated by prison officials while incarcerated at the Claiborne Parish Detention Center ("CPDC") in Homer, Louisiana. She names Sheriff Ken Bailey and Warden Sophia Burns as defendants.

Plaintiff claims that on or about April 3, 2003, she was transferred to the CPDC. She claims that upon her arrival at CPDC, she informed Warden Burns and other members of the staff that she was a member of the Islamic faith and was therefore prohibited from consuming pork and pork products. She complains she was denied a religious diet the entire

time she was incarcerated at CPDC. She further complains that as a result of eating pork and pork products, she suffered emotional anguish and severe headaches.

Plaintiff claims that on October 27, 2003, she submitted to Warden Burns a written request to observe the Ramadan fast. She claims this fast is mandatory for members of the Islamic faith. She complains Warden Burns denied her request.

Plaintiff claims that on November 19, 2003 and January 16, 2004, she submitted to Warden Burns written requests for religious visits from her spiritual advisor. She claims that CPDC did not provide Islamic services. She claims her requests were denied and as a result she suffered mental anguish, emotional distress and humiliation.

Plaintiff claims that on April 6, 2003, August 18, 2003 and October 13, 2003, she submitted to Warden Burns written complaints about the high levels of tobacco smoke in her living quarters. She complains that as a result of the high levels of tobacco smoke, she suffered a cough, sore throat, throat irritation, headaches, sleeplessness, fright, emotional distress and loss of appetite. She complains that Warden Burns refused her requests for a transfer.

Plaintiff claims that on April 8, 2003 and November 11, 2003, she submitted to Warden Burns requests to access the law library. She claims she wanted to file suits regarding her conditions of confinement at Caddo Correctional Center and CPDC and regarding her conviction. She claims she was unable to file these suits within the deadlines because she was denied access to the law library.

Accordingly, Plaintiff seeks general, compensatory and punitive damages and legal interest.

For the reasons discussed below, Plaintiff's claims have prescribed and should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

**Prescription**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined that "§ 1983 claims are best characterized as personal injury actions" and that the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to liberative prescription of one year. See La. Civ. Code art. 3492 (West 1985). The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Finally, prescription on the claim is tolled while the administrative remedy procedure

is pending.  See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).  Available administrative remedies are deemed exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted.  See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1999).

Plaintiff complains that the entire time she was incarcerated at CPDC, she was denied a religious diet and religious services.  Plaintiff claims she was transferred to the CPDC on or about April 3, 2003.  Thus, prescription began to run as to this claim when Plaintiff was transferred to CPDC on or about April 3, 2003.  The above entitled and numbered complaint was not filed by the Clerk of Court until February 17, 2005.  Plaintiff's claim is therefore prescribed.

Plaintiff claims that in October or November 2003, her request to observe the Ramadan fast was denied.  Plaintiff knew in November 2003 that her request to observe the Ramadan fast was denied.  Thus, prescription began to run as to this claim when Plaintiff knew her request had been denied in November 2003.  The above entitled and numbered complaint was not filed by the Clerk of Court until February 17, 2005.  Plaintiff's claim is therefore prescribed.

Plaintiff claims that in November 2003 and January 2005, her requests for religious visits from her spiritual advisor were denied.  Plaintiff knew in November 2003 that her request to meet with her spiritual advisor was denied.  Thus, prescription began to run as to this claim when her request was denied in November 2003.  The above entitled and

numbered complaint was not filed by the Clerk of Court until February 17, 2005. Plaintiff's claim is therefore prescribed.

Plaintiff complains that while incarcerated at CPDC, she was exposed to high levels of tobacco smoke in her living quarters. She claims she complained to Warden Burns about these conditions on April 6, 2003, August 18, 2003 and October 13, 2003. Thus, prescription began to run as to this claim when Plaintiff became aware of these conditions in April 2003. The above entitled and numbered complaint was not filed by the Clerk of Court until February 17, 2005. Plaintiff's claim is therefore prescribed.

Plaintiff complains that while incarcerated at CPDC, she was denied access to the law library. She claims she submitted requests to Warden Burns to access the library on April 8, 2003 and November 11, 2003. Thus, prescription began to run as to this claim when Plaintiff's requests for access to the law library were denied in April and November 2003. The above entitled and numbered complaint was not filed by the Clerk of Court until February 17, 2005. Plaintiff's claim is therefore prescribed.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in

making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons heretofore stated, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir.1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 26th day of September, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: SMH